IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

BESSER COMPANY, )
)
         Plaintiff, )
)
v. )   Case No. 09-2353-JAR
)
MINE AND MILL ENGINEERING, INC., )
)
         Defendant. )

**MEMORANDUM AND ORDER**

This matter comes before the court upon Plaintiff Besser Company's Motion for Leave of Court to Amend Complaint and Jury Demand (Doc. 36). Defendant Mine & Mill Engineering, Inc. has filed a response opposing the motion. For reasons explained more fully below, plaintiff's motion is granted.

**I.    Background**

On July 2, 2009, plaintiff Besser Company ("Besser") filed a complaint alleging that a silo designed, fabricated, constructed, and installed by defendant Mine & Mill Engineering, Inc. ("MME") failed because MME had grossly under-designed or otherwise inadequately designed the silo. Besser asserted claims for breach of contract, breach of implied contract, professional negligence/malpractice, and breach of the implied duty of workmanlike performance.

On November 3, 2009, before the parties had completed discovery, MME filed a motion for summary judgment. The motion argues MME is entitled to summary judgment on Besser's breach of contract claims because Besser's cause of action accrued on August 26, 2003, the date the complaint alleges MME completed the design, fabrication, construction, and installation of the silo. As such, MME argues the breach of contract claims are barred by Kansas' five-year statute of limitations for breach of a written contract and by Kansas' three-year statute of limitations for breach

of an implied contract. MME's summary judgment motion further argues the economic loss doctrine precludes Besser's tort claims.

On November 20, 2009, Besser filed a motion to amend its complaint. Besser filed its motion by the deadline imposed by the Scheduling Order, which adopted the parties' jointly proposed deadline for amendments to pleadings. Besser's proposed amendments include additional factual allegations in support of its claims, including the factual allegation that in or around July 2003, Besser and MME amended their contract to provide that MME would also be responsible for construction management services for the silo project. Other proposed amendments include a claim for negligent misrepresentation and punitive damages.

## II.     Motion to Amend

Fed. R. Civ. P. 15 governs the procedure for amending the pleadings. Once a responsive pleading has been served, a plaintiff may amend only by consent of the opposing party or by leave of the court, which such leave shall be freely given when justice so requires.[1] The decision to grant leave to amend after the permissive period lies within the discretion of the trial court.[2] Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith, or futility of the amendment.[3]

In this case, MME opposes the motion on all of these grounds. Highly summarized, MME argues Besser unduly delayed because it either knew or should have known of the underlying facts supporting the amendments at the time it filed its original complaint; MME argues Besser's

---

[1] *See* Fed. R. Civ. P. 15(a).

[2] *Stewart v. Brd. of Comm'rs for Shawnee County, Kan.*, 216 F.R.D. 662, 664 (D. Kan. 2003) (citing *Woolsey v. Marion Lab., Inc.*, 934 F.2d 1452, 1462 (10th Cir. 1993)).

[3] *Id.*

2

proposed amendments are made in bad faith because Besser's motivation for seeking to amend is to avoid summary judgment; MME argues the amendments are futile because they are not plausible and because the proposed negligent misrepresentation claim is barred by the economic loss doctrine; and finally, MME argues it would suffer undue prejudice if the court grants the motion because MME would be required to engage in costly discovery on futile claims. For reasons explained more fully below, the court finds MME has not made a sufficient showing of undue delay, undue prejudice, bad faith, or futility to preclude the amendments.

### A. Undue Delay

When determining whether a movant has unduly delayed in bringing a motion to amend, the court "focuses primarily on the reasons for the delay."[4] The court may refuse leave to amend when the movant has delayed in bringing the motion and has failed to provide an adequate explanation for the delay.[5] The court may also deny leave when "the party seeking amendment knows or should have known of the facts upon which the proposed amendment is based but fails to include them in the original complaint. . ."[6]

MME focuses on Besser's proposed factual allegation that MME provided construction management services on the project. MME argues Besser was aware MME provided these services before it filed its original complaint, and MME has attached exhibits indicating as much. Indeed, Besser admits it was well aware MME provided construction management services on the project in 2003; however, Besser states it did not learn that MME's construction management services were

---

[4] *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1206 (10th Cir. 2006)

[5] *See Panis v. Mission Hills Bank, N.A.*, 60 F.3d 1486, 1495 (10th Cir. 1995).

[6] *United States v. Sturdevant, et al.*, No. 07-2233-KHV, 2008 WL 4198598, at *2 (D. Kan. Sept. 11, 2008) (quoting *Pallottino v. City of Rio Rancho*, 31 F.3d 1023, 1027 (10th Cir. 1994)).

3

deficient or incomplete until discovery began. The court finds this is a sufficient explanation why Besser did not assert this factual allegation in its original complaint. Furthermore, Besser filed its motion within the deadline established by the Scheduling Order—the deadline jointly proposed by the parties for amendments to pleadings. For these reasons, the court finds no undue delay.

      **B.**    **Bad Faith**

MME next argues Besser's proposed amendments are made in bad faith because Besser seeks to sidestep MME's pending summary judgment motion. For example, ¶ 9 of Besser's proposed amended complaint states MME appeared to have completed its services under the contract no earlier than September 2004, which MME suggests would make timely Besser's claims for breach of the written contract. The court fails to see how Besser's proposed amendments would affect the remaining arguments raised in MME's summary judgment motion. For example, MME has not explained how the amendments would affect its argument that Kansas three-year statute of limitations would bar claims for breach of an implied contract or how Besser's proposed amendments would impact its argument that the economic loss doctrine bars Besser's tort claims. In other words, the court does not agree that all of Besser's proposed amendments are aimed at remedying alleged defects contained in the complaint. Furthermore, the undersigned routinely encounters litigants who seek to correct defects in their pleadings in response to dispositive motions filed at a relatively early stage of the proceedings. This is simply the risk MME took by filing a dispositive motion before the deadline had passed for amendments to pleadings and before discovery had closed. That a proposed factual allegation may remedy an alleged defect in the complaint is not sufficient to demonstrate bad faith at this stage. To the extent MME argues the proposed factual

4

allegation is untrue or misleading and is therefore made in bad faith,[7] it is not this court's role at the amendments stage to weigh the evidence and prohibit a proposed factual amendment because it may be controverted. For these reasons, the court finds no showing of bad faith on the part of Besser.

C.      **Futility**

The court may deny a proposed amendment on the basis of futility "if the amendment would not withstand a motion to dismiss or otherwise fails to state a claim upon which relief may be granted."[8] The party opposing the proposed amendment bears the burden of establishing its futility.[9] When determining whether an amendment is futile, the court analyzes the proposed amendment as if it were before the court on a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6).[10] Therefore, the court will only deny an amendment on the basis of futility when factual allegations fail to "state a claim to relief that is plausible on its face,"[11] or when an issue of law is dispositive.[12] The proposed complaint must provide more than labels and conclusions or a formulaic recitation of the elements of a cause of action.[13] "The court accepts as true all well-pleaded facts, as distinguished from conclusory allegations, and all reasonable inferences from those facts are viewed in favor of

---

[7] *See* Defendant's Response in Opposition to Plaintiff's Motion for Leave of Court to Amend Complaint and Jury Demand (Doc. 40) at 7 ("Defendant admits that it provided limited or partial construction management services on the project, but none of these services related to the aggregate storage bin or partition walls within the Silo at issue in this case. Defendant's representative, Ash Patwardhan, testified as much in his deposition.").

[8] *Wenner v. Bank of Am., NA*, 637 F. Supp. 944, 950 (D. Kan. 2009) (citing *Stewart*, 216 F.R.D. at 664).

[9] *Boykin v. CFS Enter., Inc.*, No. 08-2249, 2008 WL 4534400, at *1 (D. Kan. Oct. 6, 2008) (citing *Rural Water Dist. No. 4. v. City of Eudora*, Civ. A. No. 07-2463-JAR, 2008 WL 1867984, at *5 (D. Kan. Apr. 24, 2008)).

[10] *Collins v. Wal-Mart, Inc.*, 245 F.R.D. 503, 507 (D. Kan. 2007) (citing *Sheldon v. Vermonty*, 204 F.R.D. 679, 682 (D. Kan. 2001)).

[11] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

[12] *Collins*, 245 F.R.D. at 507 (citing *Neitzke v. Williams*, 490 U.S. 319, 326 (1989)).

[13] *Id.* at 555.

the [party seeking to amend]."[14] The relevant issue is not whether the movant will ultimately prevail but whether the movant is entitled to offer evidence in support of its claims.[15]

MME's futility argument is twofold. MME argues the economic loss doctrine precludes Besser's negligent misrepresentation claim and prayer for punitive damages. MME also argues some of the proposed amendments do not satisfy the "plausibility standard" articulated by the Supreme Court in *Bell Atlantic Corp. v. Twombly* and *Ashcroft v. Iqbal*. The court disagrees.

    **1.**    **Economic Loss Doctrine**

MME argues the economic loss doctrine bars Besser's proposed negligent misrepresentation claim, and because the economic loss doctrine precludes Besser's tort claims, punitive damages are unavailable. For reasons explained more fully below, the court finds MME has not satisfied its burden of demonstrating the negligent misrepresentation claim is futile. Because the court does not find the proposed negligent misrepresentation claim is futile, MME's argument regarding punitive damages fails.

The Kansas Supreme Court has recognized the tort of negligent misrepresentation as defined in the RESTATEMENT (SECOND) OF TORTS, which states the elements as follows:

> One who, in the course of his business, profession or employment, or in any other transaction in which he has a pecuniary interest, supplies false information for the guidance of others in their business transactions, is subject to liability for pecuniary loss caused to them by their justifiable reliance upon the information, if he fails to exercise reasonable care or competence in obtaining or communicating the information. . . . [Liability is] limited to loss suffered (a) by the person or one of a limited group of persons for whose benefit and guidance he intends to supply the information or knows that the recipient intends to supply it; and (b) through reliance

---

[14] *Stewart*, 216 F.R.D. at 664-65 (citing *Intercon, Inc. v. Bell Atl.,* 205 F.3d 1244, 1247 (10th Cir. 2000)).

[15] *Collins*, 245 F.R.D. at 508 (citing *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506 (2002)).

upon it in a transaction that he intends the information to influence or knows that the recipient so intends or in a substantially similar transaction.[16]

In this case, Besser's proposed amended complaint states that the negligent misrepresentation claim arises from the following facts: First, Besser alleges that in April 2003, MME represented it could and would provide structural engineering services on the project through a company called Innoquip Systems; however, Besser claims MME's representations were false because Innoquip Systems never provided structural engineering services on the project. The proposed amended complaint further alleges that as a result of such statements, upon which Besser justifiably relied, Besser entered into the contract with MME and made the required payments due under the contract.

Next, Besser alleges MME falsely represented it would provide construction management services for the project, which Besser claims was untrue because MME failed to supervise the fabrication work performed on the project and failed to inspect the silo welds and failed to inspect the silo during and after its erection. As a result of the false representations, Besser claims it amended the contract to include construction management services and made the required payments for those services.

Besser's proposed claim for negligent misrepresentation does not specify exactly what damages it seeks to recover as a result of the alleged tortious acts. Rather, the prayer for relief, which appears as a separate section of the proposed amended complaint, claims compensatory damages, consequential damages, incidental damages, punitive damages, pre- and post-judgment interest, and costs. MME argues that these are damages for economic losses, and therefore, Besser's negligent misrepresentation claim is barred by the economic loss doctrine. This argument

---

[16] *Mahler v. Keenan Real Estate, Inc.*, 255 Kan. 593, 604, 876 P.2d 609, 616 (1994) (quoting RESTATEMENT (SECOND) OF TORTS § 552 (1976)).

oversimplifies an evolving judicially created concept.

The economic loss doctrine, originally a products liability concept, stands for the proposition that a buyer of a defective product cannot sue in tort where the injury consists of damage only to the product or goods themselves.[17] Damage to the product or goods is considered an economic loss, but damage to "other property" or persons is not.[18] One of the purposes of the economic loss doctrine is to preserve the boundaries between tort law and contract law, recognizing that the aim of contract law is to enforce the parties' expectations. Courts have expanded the doctrine to encompass other situations.[19] However, neither the Kansas Supreme Court nor the Kansas Court of Appeals has decided whether the economic loss doctrine would bar a negligent misrepresentation claim arising from allegedly misleading statements that caused a plaintiff to enter into a contract.

MME correctly points out that judges in this district have found negligent misrepresentation claims may be barred by the economic loss doctrine, but the most of the alleged misrepresentations complained of in those actions appear to differ from the alleged misrepresentations at issue in this case. For example, in *Full Faith Church of Love West, Inc., v. Hoover Treated Wood Products*, Judge Vratil considered whether a negligent misrepresentation claim and other tort claims were barred by the economic loss doctrine.[20] The plaintiff in that case brought suit against a manufacturer of a fire-retardant chemical product that caused a treated roof to decay and lose strength. Among

---

[17] *Prendiville v. Contemporary Homes, Inc.*, 32 Kan. App. 2d 435, 438, 83 P.3d 1257, 1260-61 (2004) (citing *East River S.S. Corp. v. Transamerica Delaval*, 476 U.S. 858, 866-76 (1986)).

[18] *Elite Prof'ls, Inc. V. Carrier Corp.*, 16 Kan. App. 2d 625,633-34 827 P.2d 1195, 1202 (1992).

[19] *See, e.g., Prendiville*, 32 Kan. App. 2d 435, 83 P.3d 1257 (applying the economic loss doctrine to a claim against a contractor in a residential construction defects case).

[20] *Full Faith Church of Love West, Inc. v. Hoover Treated Wood Prods., Inc.*, 224 F. Supp. 2d 1285 (D. Kan. 2002).

other things, the plaintiff alleged the defendant had breached a duty to accurately disclose information about the chemical product.[21] As a result of plaintiff's justifiable reliance on defendant's misrepresentations, plaintiff suffered damages that included the costs of inspections to the defective roof, roof repairs, repair and replacement of other property damaged, and costs associated with relocating students and staff during the repairs.[22] The court ruled that the economic loss doctrine barred all of plaintiff's damages except the damage to "other property," which is not considered an economic loss under Kansas law.

The misrepresentations complained of in *Full Faith Church of Love* ultimately concerned the quality of the product sold. Here, Besser bases its negligent misrepresentation claim on allegations it entered into the contract with MME and made payments due under the contract because it justifiably relied upon MME's assertion that Innoquip System would provide structural and engineering services.[23] Besser further alleges that because it justifiably relied on MME's assertion that it would provide construction management services, Besser agreed to amend the contract to include construction management services and made payments due under the contract.[24] Although the later factual allegations could be categorized as a failure to perform duties owed under the contract, both sets of factual allegations could also be analogized to a fraudulent inducement claim: that the plaintiff would not have entered into the contract or consented to amendments to the contract but for the false representations. Indeed, some jurisdictions have carved out an exception

---

[21] *Id.* at 1288.

[22] *Id.* at 1290.

[23] *See* Plaintiff Besser Company's Motion for Leave of Court to Amend Complaint and Jury Demand (Doc. 36), First Amended Complaint (Doc. 38-2) at ¶ 51.

[24] *Id.* at ¶ 57.

to the economic loss doctrine for fraudulent inducement claims,[25] and some have expanded the "fraud in the inducement exception" to claims of negligent misrepresentation.[26] The Supreme Court of Wisconsin, adopting a narrow exception to the economic loss doctrine, stated it this way:

> As to the terms of the contract, as well as matters that one would expect to be addressed in contract terms, parties are expected to negotiate and will be held to their agreements, as required by the law of contract. . . . Tort law will apply only under circumstances, such as the one allegedly before us, where one party induces another to enter a contract by representing (or failing to disclose) a fact that would be material to the other party's decision to enter into the contract, but that concerns matters extraneous to the contract's terms.[27]

The primary rationale of jurisdictions adopting the exception is that the false statements aimed at inducing a party to enter into a contract oftentimes concern matters collateral to the terms of the contract, and the duty breached arises from common law and is typically independent of duties owed under the contract. Therefore, if the economic loss doctrine were allowed to preclude the fraudulent inducement/negligent misrepresentation torts, plaintiffs would have no remedy for these types of

---

[25] *See, e.g., Kaloti Enter., Inc. v Kellogg Sales Co.*, 699 N.W.2d 205 (Wis. 2005) (recognizing a narrow exception to the economic loss doctrine for fraudulent inducement claims when the facts giving rise to the claim are extraneous to the contract); *Robinson Helicopter Co., Inc. v. Dana Corp.*, 102 P.3d 268 (Cal. 2005) (finding that the economic loss doctrine did not bar claims for intentional misrepresentation or fraud because the tort claims were independent of the breach of contract); *Town of Alma v. Azco Const., Inc.*, 10 P.3d 1256 (Colo. 2000) (stating the economic loss doctrine does not apply to claims arising from a duty independent of the contract and that common law fraud claims typically involve a duty arising from common law and not the contract); *see also Cunningham v. PFL Life Ins. Co.*, 42 F. Supp. 2d 872 (N.D. Iowa 1999) (predicting that Iowa would adopt an exception to the economic loss doctrine for fraud claims); *Arthur D. Little Int'l v. Dooyang Corp.*, 928 F. Supp. 1189 (D. Mass. 1996) (finding the economic loss doctrine does not apply to intentional misrepresentations).

[26] *See, e.g. Mem. Hosp. of Laramie v. Healthcare Realty Trust, Inc.*, 509 F.3d 1225, (10th Cir. 2007) (applying Wyoming law and concluding a negligent misrepresentation claim would not be barred by the economic loss doctrine because the facts giving rise to the claim did not rely on any provision of the contract and were instead premised on a duty independent of contractual duties); *Indem. Ins. Co. of N. Am. v. Am. Aviation, Inc.*, 891 So.2d 532, 543 (Fla. 2004) ("We also reaffirm that in cases involving either privity of contract or products liability, the other exceptions to the economic loss rule that we have developed, such as for . . . negligent misrepresentation . . . still apply); *State v. U.S. Steel Corp.*, 919 P.2d 294 (Haw. 1996) (stating that the economic loss doctrine does not apply to claims for negligent misrepresentation or fraud).

[27] *Kaloti*, 699 at 220.

wrongs. In adopting this exception, these jurisdictions have considered the facts giving rise to the cause of action and the duty breached.

Neither the Kansas Supreme Court nor the Kansas Court of Appeals has given any indication whether it would recognize such an exception. In contrast to jurisdictions adopting the fraudulent inducement/negligent misrepresentation exception, Kansas courts and this court typically have considered the damages first when determining whether the economic loss doctrine bars tort claims. If the tort claims asserted in those actions involve damages solely for economic losses, they could not survive. This approach perhaps is why this court has barred negligent misrepresentation claims with little or no discussion of whether the duty allegedly breached arose from the contract or from common law.[28] However, the Kansas Court of Appeals took a slightly different approach to the economic loss doctrine in a recent unreported opinion. In *Building Erection Services Co. v. Walton Construction Co., Inc.*, the Kansas Court of Appeals evaluated whether the duty sought to be enforced arose from the terms of the contract or from a duty imposed by law.[29] The opinion—relying on published decisions from the Kansas Supreme Court addressing whether an

---

[28] *See, e.g., Kestrel Holdings v. Learjet Inc. and Bombardier, Inc.*, 316 F. Supp. 2d 1071, 1076 (D. Kan. 2004) (dismissing a negligent misrepresentation claim and other tort claims because plaintiff sought only damages for economic losses); *Full Faith Church of Love West, Inc.*, 224 F. Supp. 2d at 1291 (finding the economic loss doctrine precluded damages arising from the tort claim except for damage to other property); *Kelley Metal Trading Co. v. Al-Jon United, Inc.*, 812 F. Supp. 185, 188 (D. Kan. 1993) (dismissing a negligent misrepresentation claim because only economic damages were sought); *Ritchie Enter. v. Honeywell Bull, Inc.*, 730 F. Supp. 1041, 1052 (D. Kan. 1990) (finding plaintiff's remaining negligent misrepresentation claims must be dismissed because "only economic losses are sought and [] any liability and damages are dictated by contract principals"); *Ministic Air Ltd. v. Raytheon Aircraft Co.*, No. 99-1493, 2001 WL 309400, at *2 (D. Kan. Mar. 20, 2001) (dismissing a negligent misrepresentation claim because "a purchaser of damaged goods cannot rely on claims arising from negligence or strict liability") *but see Philippine Am. Life Ins. v. Raytheon Aircraft Co.*, 252 F. Supp. 2d 1138, 1144 (D. Kan. 2003) (denying a motion to dismiss tort claims, including a claim for negligent misrepresentation, because the court lacked evidence concerning the contractual relationship between the parties and was without knowledge as to whether the parties had an opportunity to bargain for the terms and conditions of the contract that were the subject of the tort claims).

[29] *Bldg. Erection Svs. Co. v. Walton Constr. Co., Inc.*, No. 100,906, 2009 WL 4639486, at *5 (Kan. Ct. App. Nov. 25, 2009).

action sounds in contract or in tort[30]— directs that the character of the claim "is determined by the nature and substance of facts alleged in the pleadings."[31] Applying this principle, the Kansas Court of Appeals found that when a defendant claimed a plaintiff failed to follow a manufacturer's manual for the installation of a glass curtain wall system, and as a result, payment was withheld, the dispute ultimately involved a failure to perform a material duty arising under or imposed by the contract and was not a wrong independent of the contract.[32]

This unreported opinion should not be read to mean that Kansas will adopt an exception to the economic loss doctrine. Rather, the opinion merely illustrates a different approach in applying the doctrine, one that involves a case-by-case consideration of the facts pled and the duty allegedly breached. Although such an approach is similar to that of jurisdictions adopting the fraudulent inducement/negligent misrepresentation exception, it is not necessarily an indication Kansas would embrace the exception. Nevertheless, if this court looks to the nature and substance of facts alleged in the proposed amended complaint rather than looking solely at the damages pled, the court cannot conclude the economic loss doctrine bars the negligent misrepresentation claim. Besser alleges it entered into the contract and made an amendment to the contract because of misrepresentations, matters that may not involve a material duty arising under the contract. MME simply fails to address the nature of the duty at issue in Besser's negligent misrepresentation claim and whether that duty arises from the contract. Put simply, jurisdictions have adopted different approaches with regard to these types of claims, and Kansas' position has not yet been decided. Therefore, the court

---

[30] *Id.* (citing *KPERS v. Reimer & Kroger Assoc., Inc.*, 262 Kan. 110, 114, 936 P.2d 714, 718 (1997) and *Nelson v. Nelson*, 288 Kan. 570, 582, 205 P.3d 715, 725 (Kan. 2009).

[31] *Id.* (citing *Nelson*, 288 Kan. at 582, 205 P.3d at 725).

[32] *Id.*

finds MME has not established Besser's proposed negligent misrepresentation claim is barred by the economic loss doctrine and therefore would not withstand a motion to dismiss.[33]

### 2. Plausibility

MME argues Besser's factual allegations regarding construction management services are futile because MME states it "provided construction management services during the project but did <u>not</u> provide construction management services related to the partition walls which are the focus of the complaint."[34] MME's attempt to controvert this factual allegation is more appropriate for a summary judgment motion. As previously explained, when assessing whether an amendment is futile, the court considers whether the amendment could withstand a motion to dismiss, a standard that does not require the court to consider the evidence or determine whether proposed factual allegations are indeed true. *Twombly* cannot be read to mean that a factual allegation is not plausible because it is controverted. For example, *Twombly* "reiterates the bedrock principle that a judge ruling on a motion to dismiss must accept all allegations as true and may not dismiss on the ground that it appears unlikely the allegations can be proven."[35] The Tenth Circuit has concluded "plausibility" refers to the scope of allegations in the complaint and not whether the allegations are likely to be true.[36]

For the same reasons previously articulated, the court likewise rejects MME's argument that

---

[33] *See Sherman v. Ben & Jerry's Franchising, Inc.*, No. 1:08-CV-207, 2009 WL 2462539, at *4 (D. Vt. Aug. 10, 2009) (denying a motion to dismiss on the basis that Vermont state courts had not decided whether the economic loss doctrine would apply to fraudulent inducement claims).

[34] Defendant's Response in Opposition to Plaintiff's Motion for Leave of Court to Amend Complaint and Jury Demand (Doc. 40) at 10.

[35] *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (discussing *Twombly*'s plausibility standard).

[36] *Id.*

Besser's prayer for punitive damages is not plausible. MME points to evidence outside the scope of the proposed amended complaint, which merely indicates certain facts may be controverted. MME also argues Besser's claim for punitive damages is futile because Besser has failed to allege MME's conduct was wilful, wanton, fraudulent, or malicious, and therefore this proposed amendment fails to state a claim. In other words, because Besser has not used the precise statutory language, the amendment fails.

K.S.A. 60-3702(c) provides that a plaintiff seeking punitive damages "shall have the burden of proving, by clear and convincing evidence in the initial phase of the trial, that the defendant acted toward the plaintiff with willful conduct, wanton conduct, fraud or malice." In construing this subsection, this court has stated "the plaintiff must *plead* and prove the conduct was willful, wanton, fraudulent, or malicious."[37] The proposed amended complaint does not contain this language. Rather, Besser alleges MME's conduct was "gross and reckless,"[38] and constituted "a conscious disregard of the foreseeable risks of harm to persons and property . . . "[39] The meaning of this language is substantially the same as language used in K.S.A. 60-3702(c). For example, "wanton" behavior that will support award of punitive damages under Kansas law falls between mere negligence and willful misconduct and is found when the wrongdoer realizes imminence of danger

---

[37] *Metal Trading Svs. of Colo., Inc. v. Trans-World Svs., Inc.*, 781 F. Supp. 1539, 1546 (D. Kan. 1991) (emphasis supplied); *Haake v. County of Shawnee*, No. 08-2537-KHV, 2009 WL 961435, at *3 (D. Kan. Apr. 9, 2009) ("To state a claim for punitive damages, plaintiffs must allege that defendant acted with willful or wanton conduct, fraud or malice.") (citing *Messer v. Amway Corp.*, 210 F. Supp. 2d 1217, 1236 (D. Kan. 2002)).

[38] Plaintiff Besser Company's Motion for Leave of Court to Amend Complaint and Jury Demand (Doc. 36), First Amended Complaint (Doc. 38-2) at ¶ 38.

[39] *Id.* at ¶ 42.

14

and recklessly disregards or is indifferent to the consequences.[40] "Proof of reckless or wanton indifference requires evidence that the defendant 'realized the imminence of injury to others from his acts and . . . refrained from taking steps to prevent injury because indifferent to whether it occurred or not.'"[41] Although the language in the proposed amended complaint should be sufficient to put MME on notice of the facts giving rise to the prayer for punitive damages, the court will nonetheless permit Besser to make technical modifications to its amended complaint to include the language used in the statute.

### D.     Undue Prejudice

Under Rule 15(a), undue prejudice means undue difficulty in prosecuting or defending a suit as a result of a change in tactics or theories.[42] "Any amendment invariably causes some 'practical prejudice,' but leave to amend is not denied unless the amendment would work an injustice to [the opposing party]."[43] The Tenth Circuit has characterized undue prejudice as the most important factor to consider when deciding a motion to amend.[44]

MME argues it would suffer undue prejudice if the court grants the motion because MME would have to defend against futile claims. The court rejects this argument because, as previously explained, MME has not established the claims are futile. MME further argues it would be nearly

---

[40] *Patton v. TIC United Corp.*, 77 F.3d 1235, 1245 (10th Cir.) (applying Kansas law), *cert. denied*, 518 U.S. 1005 (1996).

[41] *Johnson v. Colt Indus. Operating Corp.*, 797 F.2d 1530, 1536 (10th Cir. 1986) (quoting *Atkinson v. Orkin Exterminating Corp.*, 625 P.2d 505 (Kan. Ct. App. 1981), *aff'd*, 634 P.2d 1071 (Kan. 1981)).

[42] *Sturdevant*, 2008 WL 4198598, at *3 (citing *Minter*, 451 F.3d at 1208 and *Jones v. Wildgen*, 349 F. Supp. 2d 1358, 1361 (D. Kan. 2004)).

[43] *Koch v. Koch Indus.*, 127 F.R.D. 206, 209-210 (D. Kan. 1989).

[44] *See Minter*, 451 F.3d at 1205.

impossible to conduct adequate discovery on the proposed amendments with less than four weeks remaining before the close of fact discovery.  Since MME has filed its response brief, the court has stayed proceedings in this case and will extend case management deadlines previously imposed. Accordingly, this argument no longer applies.  Finally, MME argues that it will incur significant time and expense if the court grants the motion.  Presumably, MME is referring to additional expense associated with discovery. The court views this as an insufficient reason to deny the motion to amend.  For these reasons, the court grants Besser's motion to amend as detailed below.

Accordingly,

**IT IS THEREFORE ORDERED** that Plaintiff Besser Company's Motion for Leave of Court to Amend Complaint and Jury Demand (Doc. 36) is hereby GRANTED.  In accordance with D. Kan. R. 15.1, plaintiff shall file its First Amended Complaint and Jury Demand (Doc. 38-2) within ten (10) days of this order.  Besser is permitted to make the modifications to its amended complaint as discussed in this memorandum and order.  No other modifications are permitted.

**IT IS FURTHER ORDERED** that the parties shall file a joint motion to amend the Scheduling Order within seven (7) calendar days from the date of this order.  The court lifts the stay of all proceedings in this case.

**IT IS SO ORDERED.**

Dated this 19th day of February, 2010, at Topeka, Kansas.

s/ K. Gary Sebelius  
K. Gary Sebelius  
U.S. Magistrate Judge